

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Overruled by Com. of...
no 509 / o
(0-561)

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-1356
Re: Authority of State Board of Education
to use funds set aside by them out of
the Available Free School Fund for
traveling expenses incident to the
purchase and distribution of textbooks.

In your request of August 26, 1939, you state that
in the purchasing and distributing of textbooks it becomes
necessary for the State Board of Education to incur a
certain amount of traveling expenses, and that you desire
the opinion of this department upon the question whether
the State Board of Education may use such portions of the
Available School Fund set aside by it for the purchase
and distribution of State textbooks as may be necessary
for traveling expenses necessary to be incurred in the
purchase and distribution thereof.

Article VII, Section 3, of the Constitution, provides
in part as follows:

"... and it shall be the duty of the State
Board of Education to set aside a sufficient
amount out of the said tax to provide free text-
books for the use of children attending the pub-
lic free schools of this State; ..."

Article 2866, Revised Civil Statutes, reads as fol-
lows:

"The State Board of Education is hereby
authorized and empowered, and it is made its
duty to purchase books from the contractors of
textbooks used in public free schools of this
State, and to distribute the same without other

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

cost to the pupils attending such schools within this State in the manner and upon the conditions hereinafter set out."

In the General Departmental Appropriation Bill of the Forty-sixth Legislature the Legislature sought to make definite provision for items of expenditure to be made by the Textbook Division of the Department of Education, out of the Available School Fund, for such administrative expense as is involved in the purchase and distribution of free textbooks. In so doing the Legislature did not make any provision for traveling expenses to be incurred in connection therewith.

There being no other provision of the Constitution limiting the power of the Board of Education with reference to expenditures from this fund to purchase and distribute text books, such as traveling expenses, the grant of power to the State Board of Education, under the terms of the above-quoted constitutional provision "to set aside a sufficient amount out of the said tax to provide free textbooks," is but the grant of the power and the duty to appropriate sufficient moneys out of the special fund referred to for traveling expenses. To "provide" free textbooks is to "furnish" or "supply" them. The power and the duty to determine how much money may be necessary to "furnish" free textbooks carries with it, as a necessary incident, the power and the duty to provide the funds necessary to defray the traveling expenses incident to the distribution of such textbooks.

Where, by the Constitution, a power is to be exercised by a particular officer or branch of the State government, the exercise of that power is denied, by implication, to all others. It is to be exercised alone by, or under the direction of, those to whom the people, through their Constitution, have confided it. State v. Moore, 57 Tex. 307; Gillam v. Null, 58 Tex. 298; Parks v. West, 102 Tex. 11, 111 S.W. 726. Our Supreme Court, in the case of American Book Company v. Marrs, 253 S.W. 817, said, concerning the above-quoted provisions of Article VII, Section 3, of our Constitution, that "this grant of power is exclusive and leaves directly with the Board the sole power and duty of determining how much money may be necessary."

The power and the duty of determining and setting aside funds sufficient to "provide free textbooks" having

been, by the Constitution, exclusively vested in the Board of Education, it may not be impaired or defeated by legislative or executive action seeking to limit its exercise by placing restrictions on the amount to be expended for traveling expenses.

In the Departmental Appropriation Bill the Legislature has attempted to make an appropriation of administrative expenses necessary to provide free textbooks out of the Available School Fund, which, by reason of its failure to provide traveling expenses for the distribution of textbooks, necessarily involved an unwarranted and unconstitutional invasion by the Legislature of the power conferred upon the State Board of Education to provide sufficient moneys for the accomplishment of such purposes. This power having been denied to it by the Constitution, its attempted exercise is a nullity.

You are therefore advised that in our opinion the State Board of Education may set aside out of the Available School Fund such amount as will be sufficient to defray the traveling expenses necessary to be incurred in the purchase and distribution of free textbooks to the school children of this State. Under the constitutional provision referred to, it is not only within the province of the State Board of Education so to do, but the Constitution expressly makes it its duty to do so.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By     *R. W. Fairchild*

R. W. Fairchild
Assistant

RWF:pbp

APPROVED SEP 13, 1939

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN